IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RONALD MITCHELL PRICE,

            Plaintiff

VS.

DR. BUSBEE,

            Defendant

NO. 5: 04-CV-313 (CAR)

PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U.S. MAGISTRATE JUDGE

## RECOMMENDATION

Before the court is the motion (Tab #26) of defendant DR. BUSBEE seeking summary judgment in the above-styled action filed by RONALD MITCHELL PRICE. All other defendants herein have been previously dismissed. On April 26, 2006, the undersigned advised plaintiff PRICE of his duty to respond to the defendant's motion and that failure to respond could result in the granting of said motion. Tab #30. The plaintiff has **failed to file a response** to the defendant BUSBEE'S motion. It is thus uncontested. However, it is the obligation of this court to ensure that the standards for summary judgment are met before judgment is granted.

### SUMMARY JUDGMENT STANDARD

As previously indicated to the plaintiff in the court's notice (Tab #30), Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for

summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution.  *See* **Van T. Junkins & Assoc. v. U.S. Industries, Inc**., 736 F.2d 656, 658 (11th Cir.1984).

## DISCUSSION

Plaintiff has failed to respond to defendant's motion for summary judgment despite specific direction from the court to do so.  Indeed plaintiff PRICE has had no contact with the court regarding this case since **July 1, 2005.**  Accordingly, based upon defendant BUSBEE's motion and the other records provided, this court finds the facts as set forth by DR. BUSBEE in his **STATEMENT OF UNDISPUTED MATERIAL FACTS** (Tab #28) and further finds that there is no genuine dispute on any issues raised by plaintiff PRICE who has not submitted any evidence on his own behalf.

Plaintiff's claims that his constitutional rights were violated by DR. BUSBEE are not substantiated by the evidence in the record.  Although plaintiff PRICE alleges that DR. BUSBEE refused to provide him with medical treatment, the uncontradicted evidence presented by DR. BUSBEE establishes that appropriate medical treatment was afforded the plaintiff.  This evidence shows that the plaintiff's constitutional rights were not violated, and, specifically, that there was no deprivation of plaintiff's constitutional rights under 42 U.S.C. §1983.

Accordingly, IT IS RECOMMENDED that **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** (Tab #26) be GRANTED as UNCONTESTED.  Pursuant to 28 U.S.C. §636(b)(1) the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom the case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.  The clerk is directed to serve the plaintiff with a copy of this recommendation by mailing it to the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 24th day of OCTOBER, 2006



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE